MARTIN D. HOLMES *vs.* OLIVER H. FLANDERS & others.

Suffolk.   January 10. — 15, 1883.   FIELD & W. ALLEN, JJ., absent.

In an action against three defendants, for obtaining by fraud a conveyance of real and personal property of the plaintiff, one of the defendants testified that he acted in good faith, and that his only connection with the matter was in making an advance to one of the co-defendants, and in selling the personal property as an auctioneer. *Held,* that evidence was inadmissible, in his favor, that the co-defendant had previously applied to another auctioneer to make an advance and to sell the same property, who was not employed, because he charged more than the defendant.

TORT, against Oliver H. Flanders, Hebron Libbey and Andrew B. Potter, for fraud in obtaining a conveyance of the plaintiff's farm, and certain personal property thereon, in Hopkinton, in exchange for certain real estate in Chelsea. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows:

It appeared in evidence, that the plaintiff instructed one Burtis Judd, a real-estate agent residing in Framingham, to sell or exchange his said property, and about August 21, 1880, negotiations for an exchange began between Judd and the defendant Flanders; that these negotiations continued until October 15, 1880, when an agreement was made, by which the plaintiff agreed to exchange his said property for certain real estate in Chelsea; that on October 25, 1880, the plaintiff conveyed to the defendant Libbey his said property by deed and bill of sale, receiving from Libbey therefor a deed of certain real estate in Chelsea, which deed the plaintiff claimed to be fraudulent, as not covering the premises bargained for.

The defendant Potter testified that he never had any knowledge of, or connection with, the negotiations aforesaid, or of said exchange, or of the terms thereof, and was in no way interested therein, or privy thereto; that his first knowledge of the plaintiff, or of his property, was about the middle of October 1880, when Flanders informed him that he had traded for, or was about to trade for, some farm property in Hopkinton, and desired him to sell the personal property for him by auction, and to make an advance to him upon a pledge of the personal property; that he went to Hopkinton and examined the property,

and offered to Flanders an advance of $500, and to sell the same as auctioneer for $75; that Flanders did not then accept the offer, but on October 25, 1880, informed him that he should want the money; that on the next day Flanders exhibited to him a bill of sale of said personal property from the plaintiff to Libbey, and delivered to him a bill of sale of the same property from Libbey, upon which he advanced the sum of $500, and the next week advertised and sold said property at the request of Flanders, and, reserving from the proceeds his advances, paid the balance thereof to Flanders; that, except as licensed auctioneer, selling said personal property and making advances thereon, he had no connection with or interest in the trade between the plaintiff and Flanders or Libbey, and had never had any conversation or communication with the plaintiff, or any one else, as to the consideration for the plaintiff's conveyance, nor any knowledge thereof.

There was also evidence tending to show that the defendant Potter participated with the other two defendants in the alleged fraud. The defendants called as a witness Samuel R. Knights, a licensed auctioneer, and offered to show by him that, at about the time Flanders first applied to Potter, he also applied to Knights to sell the same property for him as auctioneer, and to make him an advance upon it; and that Knights went to Hopkinton, examined the property, and offered to Flanders an advance thereon of $500, and to sell the same as auctioneer for $150; but, upon objection by the plaintiff, the judge refused to admit the evidence.

The jury returned a verdict against all the defendants; and the defendant Potter alleged exceptions to the refusal to admit said evidence.

*E. W. Cate*, for Potter.

*R. M. Morse, Jr. & W. H. Towne*, for the plaintiff.

By the Court. The acts and declarations of the defendant Flanders in the transaction with Knights, offered to be shown, were not admissible in his own favor, or in favor of his co-defendant Potter. *Exceptions overruled.*